JOSEPH PYLE *et al.* Exrs.

*v.*

MARY PYLE *et al.*

*Filed at Mt. Vernon October 16, 1895.*

</div>

1. APPEALS AND ERRORS—*presumed, on appeal, that sheriff's return was properly amended.* An amendment to a sheriff's return showing service on an infant party for whom an answer was made by a guardian *ad litem*, must be presumed, on appeal, to have been lawfully made, so as to bring such party into court.

2. SAME—*errors must affect those complaining of them.* Appellants cannot complain that the decree was rendered against other persons who have not answered the bill, and without any default being

taken against them, where they were duly served and the court had jurisdiction of their persons, so that the decree was not a nullity.

3. WITNESSES—*against executors and devisees—real interest of witness is test of competency.* Naming as defendant instead of complainant a party whose interests are adverse to executors and devisees against whom a suit is brought to set aside a will, does not, under the act in regard to evidence and depositions in civil cases, render such party a competent witness to testify for complainants.

4. SAME—*belief or feeling of witness not the test as to his interest.* The interest that disqualifies a witness is the actual interest, and not his belief, understanding or feeling in regard to such interest.

5. SAME—*case in which interest of witness is held adverse.* A woman who, as heir, would receive in fee one-third of the property of which her father died seized, while under his will she would have only a contingent life estate in ninety-nine acres of land, subject to forfeiture on her attempt to sell or incumber it, has interests adverse to those who claim under the will, so as to render her incompetent as a witness against them in a suit to set aside the will.

6. SAME—*when wife is disqualified against executors her husband is also.* The right of a husband to testify, in a litigation concerning his wife's separate estate, "as other parties may," under the provisions of the act on evidence and depositions, does not extend to a suit against executors and devisees to set aside a will in which his wife's interests are adverse to the will.

7. EVIDENCE—*proper mode of examining expert witness.* A question to an expert which does not embody a hypothetical statement of facts, but which calls upon such expert to take the place of the jury and pass upon the issue, is not proper. *Schneider v. Manning,* 121 Ill. 376, distinguished.

8. SAME—*verdict of coroner's jury proper to show suicide.* The verdict of a coroner's jury at an inquest held on the body of a testator may be introduced in evidence in a proceeding to set aside his will, for the purpose of showing that such testator committed suicide.

9. INSTRUCTIONS—*repetitions, arguments, etc. should be refused.* Instructions which repeat propositions already given, or are argumentative, or which give unfair prominence to portions of the testimony, should be refused.

APPEAL from the Circuit Court of St. Clair county; the Hon. BENJAMIN H. CANBY, Judge, presiding.

WILBUR N. HORNER, for appellants:

It is error to assess damages or render final judgment without an issue or defaulting the defendant. *Crabtree v. Green,* 36 Ill. 278; *Piercy v. People,* 10 Ill. App. 219; *Wilson v. Spring,* 64 Ill. 14.

A decree cannot be rendered on a cross-bill without either an answer or a rule to answer. *Blair* v. *Reading*, 99 Ill. 600; *Parke* v. *Brown*, 12 Ill. App. 291.

Where the husband is incompetent as a witness, whether by statute or by the common law, on account of a supposed interest or bias, the wife is incompetent also. *Dexter* v. *Parkins*, 22 Ill. 143.

The incompetency of husband or wife, when the other is a party, is founded in public policy,—not in interest. *Mitchinson* v. *Cross*, 58 Ill. 366; *Reeves* v. *Herr*, 59 id. 81; Greenleaf on Evidence, pars. 254, 334, 345.

The incompetency of husband and wife when the other is a party is not removed by that provision of the statute of 1867 which removes disqualification by reason of interest. *Mitchinson* v. *Cross*, 58 Ill. 366.

The wife being incompetent as a witness her husband was also incompetent. *Treleaven* v. *Dixon*, 119 Ill. 548; *Way* v. *Harriman*, 126 id. 132; *Shaw* v. *Schoonover*, 130 id. 448; *Pyle* v. *Oustatt*, 92 id. 209.

A co-defendant of the legatee whose interest is adverse to such legatee is not competent to testify as to facts occurring before the testator's death. *Bragg* v. *Geddes*, 93 Ill. 39.

A co-defendant may be adverse, in chancery. *Wagensetter* v. *Prettyman*, 12 Ill. App. 341.

FRED B. MERRILLS, guardian *ad litem* for Millard, Willard and Samuel Thompson.

HAMILL & BORDERS, for appellees:

The rule is well settled that where the decree states that a hearing was had upon the proofs, and the facts are found by the court in the decree, it will bind the defendants, although minors. *Wright* v. *Troutman*, 81 Ill. 374.

Where the decree states that a hearing was had upon proofs and the facts are found by the court in a decree, it will bind minors. The recitals in a decree are proper evi-

dence to show jurisdiction. *Mauck* v. *Mauck,* 54 Ill. 283; *Bowen* v. *Bond,* 80 id. 351; *Reddick* v. *Bank,* 27 id. 145; *Moore* v. *Neal,* 39 id. 256; *Miller* v. *Handy,* 40 id. 448; *Donlin* v. *Hettinger,* 57 id. 348; *Hobson* v. *Ewan,* 62 id. 146; *Van Valkenburg* v. *Trustees,* 66 id.103; *Smith* v. *Hickman,* 68 id. 314; *Richards* v. *Greene,* 78 id. 525; *Fonville* v. *Sausser,* 73 id. 451; *Hedges* v. *Mace,* 72 id. 472; *Clark* v. *Marfield,* 77 id. 258; *Tibbs* v. *Allen,* 27 id. 119.

The objection that a judgment was given without a rule to plead can not be assigned for error. *Marshal* v. *Maury,* 1 Scam. 231.

Ellen Rogers is on the side with the executors trying to sustain the will, and the court must treat her according to the position she occupies in the record, and not according to the assertion of counsel as to what her interest is. *Pigg* v. *Carroll,* 89 Ill. 205; · *Mueller* v: *Rebhan,* 94 id. 142.

The testimony of James Rogers, the husband, was competent evidence on behalf of complainants. *Treleaven* v. *Dixon,* 119 Ill. 553; *Otis* v. *Spencer,* 102 id. 626; *Pigg* v. *Carroll,* 89 id. 205; *McNail* v. *Ziegler,* 68 id. 224; *Mueller* v. *Rebhan,* 94 id. 142; *Crane* v. *Crane,* 81 id. 165; *Brace* v. *Black,* 125 id. 33.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is a bill in chancery, filed by Mary Pyle and others, against Joseph Pyle and Charles Pyle, executors of Harrison Thompson, deceased, and against the several devisees and legatees under the will of said Thompson, for the purpose of setting aside said will and the probate thereof, and having said will declared void and of no effect, and not to be the last will and testament of the said deceased. The charges in the bill are, a want of mental capacity in said Harrison Thompson to make a will, and undue influence. The issues formed between the parties were submitted to a jury, and the jury returned a verdict that the instrument of writing produced was not the last will and testament of Harrison Thompson, de-

ceased. Motions for a new trial were overruled, and the court rendered a final decree against the validity of the supposed will, and setting aside the same and the probate thereof, and declaring the same to be null and void. Thereupon this appeal was taken. Joseph Pyle and Charles Pyle, the executors, have assigned errors, as have also Millard Thompson, Willard Thompson and Samuel Thompson, infants, by their guardian *ad litem.*

*First*—It is objected that Edward Rogers, a minor, was a necessary party to the suit; that although he was made a party to the bill, yet he was not served with process, and that the fact that a guardian *ad litem* was appointed and answered for him does not cure the error. In the transcript of the record certified by the clerk of the circuit court of St. Clair county on the 17th day of April, 1894, it does not appear whether the summons dated August 8, 1893, was or was not served on said Edward Rogers, but it appears from the amended or supplemental record certified by said clerk on the seventh day of May, 1894, and filed herein by leave of court, that said summons was duly served on said Edward Rogers on the ninth day of August, 1893. The clerk certifies the summons and return contained in said amended transcript "to be a true and correct copy of the summons issued to the September term, A. D. 1893, and the sheriff's return thereon, as amended since certifying to the original record in this cause, as the same now appears on file in my office." It must be presumed that the amendment to the sheriff's return was properly and lawfully made, and that said Edward Rogers was duly in court when his guardian *ad litem* was appointed and answered.

*Second*—It is assigned for error both by the appellants Joseph Pyle and Charles Pyle, executors of Harrison Thompson, deceased, and by the appellants Millard Thompson, Willard Thompson and Samuel Thompson, that a final decree was rendered in the cause without any answers being filed by or for the defendants James

Thompson and Mamie Thompson, or either of them, and without any default being taken against them or either of them. It is undoubtedly an error of which a defendant may avail himself, that a final decree was entered against him without his having answered the bill, and without entering his default and taking the bill as confessed. (*Blair* v. *Reading*, 99 Ill. 600; *Wilson* v. *Spring*, 64 id. 14; *Crabtree* v. *Green*, 36 id. 278.) But James Thompson and Mamie Thompson are not here assigning errors. They have not appealed, and are not complaining of the decree. The rule is, that appellants cannot allege errors which relate exclusively to parties who are not complaining and are not before the court. (*Tibbs* v. *Allen*, 27 Ill. 119; *Richards* v. *Greene*, 78 id. 525; *Clark* v. *Marfield*, 77 id. 258; *Van Valkenburg* v. *Trustees*, 66 id. 103.) At the most, there was simply judicial error, of which James Thompson and Mamie Thompson alone could avail, and they having been duly served with summons, the court had jurisdiction of their persons, and the decree against them was not a nullity. *Town of Lyons* v. *Cooledge*, 89 Ill. 529.

*Third*—James Rogers was examined as a witness for the complainants. This was done over the objections of the solicitors for both the executors and for Millard, Willard and Samuel Thompson, that he was a party to the suit and also the husband of Ellen Rogers, who is one of the heirs and also a devisee under the will. It is suggested that James Rogers had no interest in the suit other than an inchoate right of dower, and that such interest would not disqualify him from testifying as a witness. The first of the objections urged against his competency was not that he was interested in the result of the suit, but that he was a party to the suit. If the only objection to his competency had been his interest in such result, then, since his interest by way of an inchoate right of dower was uncertain, remote and contingent, and not a present, certain and vested interest, it would seem that such objection would not have been well taken, either at

common law or under the statute. (1 Greenleaf on Evidence,—15th ed.—sec. 390.) But the rule of the common law is, that a party to the record in a civil suit cannot be a witness, either for himself or for a co-suitor in the cause. (1 Greenleaf on Evidence, sec. 329.) And under sections 1 and 2 of the act in regard to evidence and depositions in civil cases, no party to a civil suit can be allowed to testify therein when any adverse party sues or defends as the executor, devisee or legatee of any deceased person, unless when called as a witness by such adverse party so suing or defending. It is true that said witness was called by the complainants, and that said complainants, in their bill, made him a party defendant; but all the interest that he had in the subject matter of the suit,—*i. e.*, an inchoate right of dower,—was on the side of the complainants who were endeavoring to set aside the will of the deceased, and adverse to the rights of the executors and those of Millard, Willard and Samuel Thompson and their guardian *ad litem*, over whose objections he was permitted to testify. It is immaterial that neither he nor his wife, Ellen Rogers, was joined as a party complainant, and that both were named as parties defendant. Simply naming them as defendants instead of complainants did not make them parties adverse to the complainants. A court of equity will disregard the mere matter of form as to whether they are named in the pleadings as complainants or defendants, and will look to the substance of the matter and see on which side of the controversy their real interest lies, otherwise it would be easy to evade the law and the force and effect of the statute. That from which section 2 of the statute intends to protect these executors and infant devisees is the testimony of parties to the suit whose interests are adverse to theirs.

But, waiving all question of James Rogers being a party to the suit, Ellen Rogers, his wife, was made a party to the bill, and was a necessary party, she being both an

heir of the deceased and a devisee under his will. As an heir she would be entitled to receive in fee one-third of all of the property of which her deceased father died seized, while under the will she would be entitled to only a contingent life estate in ninety-nine acres of land,—and even this, subject to forfeiture in the event she should, "under any circumstances, sell or attempt to sell and convey said land or in any way incumber the same, by mortgage or otherwise." The rule is, that it is the real and actual interest that disqualifies a witness, and not the belief, understanding or feeling in regard to such interest, as seems to be supposed by appellees. (1 Greenleaf on Evidence, sec. 387.) We think it is manifest, from the will and the evidence, that the interests of Ellen Rogers are in fact adverse to those of her children, and to those of the executors and the infant devisees, Millard, Willard and Samuel Thompson, and that her actual interests are with the complainants, and will be subserved by setting aside the will; and the question arises whether or not her husband is a competent witness when called by such complainants, and his competency objected to by the executors and devisees under the will.

We think that it can properly be said that in this litigation the appellants, who are proponents of the supposed will of the deceased, are adverse parties to appellees, who filed the bill and asked that the said instrument of writing, and the probate thereof, should be set aside and declared to be void and of no effect, and not the last will and testament of Harrison Thompson, deceased.

Section 5 of the Evidence and Depositions act provides that "no husband or wife shall, by virtue of section 1 of this act, be rendered competent to testify for or against each other as to any transaction or conversation occurring during the marriage, * * * except in cases where the wife would, if unmarried, be plaintiff or defendant, * * * and except in cases where the litigation shall be concerning the separate property of the wife,

\* \* \* in all of which cases the husband and wife may testify for or against each other, in the same manner *as other parties may under the provisions of this act.*"

In *Treleaven* v. *Dixon*, 119 Ill. 548, this court quoted at length said section 5, and also quoted from section 2, which provides that "no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion or in his own behalf, by virtue of the foregoing section, (sec. 1,) when any adverse party sues or defends as the executor, administrator, heir, legatee or devisee of any deceased person, unless when called as a witness by such adverse party." And it was there said (p. 553): "Then how may 'other parties testify for or against each other under the provisions of this act?' The word 'party,' in the other provisions of the act, is clearly distinguished from the word 'person,' and always means, party to a suit or party in interest in the suit. It must then have been intended that it should have the same meaning in this section. Giving it that meaning, other parties cannot testify in any civil action, suit or proceeding, of their own motion or in their own behalf, when any adverse party sues or defends as the executor of a deceased person, and therefore husband and wife cannot testify for or against each other in those instances. This is the construction we gave to the act in *Crane* v. *Crane*, 81 Ill. 165, and that ruling was approved and followed in *Warrick et al.* v. *Hull*, 102 Ill. 280." And to the same effect is *Way* v. *Harriman*, 126 Ill. 132, where the adverse parties were the heirs of the deceased person, instead of the executor, as in *Treleaven* v. *Dixon*, or executors or devisees, as is here the case. The same rule is laid down in *Shaw* v. *Schoonover*, 130 Ill. 448.

Appellees rely on the cases of *Pigg* v. *Carroll*, 89 Ill. 205, and *Mueller* v. *Rebhan*, 94 id. 142. In the first of these cases, which was a bill filed by heirs of an intestate against other heirs of such intestate for the partition of

lands inherited, and for relief in respect to advancements as affecting the rights of the parties, it was held that the husband of one of the heirs was a competent witness in her behalf. While *Mueller* v. *Rebhan* was a contest over a will, yet at the same time it was simply a litigation among the children and heirs of a common ancestor, and the purpose and result of the suit merely were to determine the relative portions of the estate that each child or heir was entitled to. The principle upon which these decisions were based is, that the statute in question was intended, in this regard, to protect the estates of deceased persons from the assaults of strangers, and relates only to proceedings wherein the decision sought would tend to reduce or impair the estate or deprive the heirs of it, and has no reference to the relative rights of the heirs at law, as among themselves.

In the subsequent case of *Brace* v. *Black*, 125 Ill. 33, the deceased devised a considerable portion of his property to his grandchildren, and to one of his children he devised nothing. At the trial, the complainants in the bill were offered as witnesses to prove the insanity of their father, but the court, upon the objection of the guardian *ad litem* for the minor grandchildren, who were devisees, refused to allow them to testify. The action of the circuit court in the premises was sustained by this court, and it was said (p. 37): "The object of the suit is not merely to adjust rights between heirs-at-law, as in *Pigg et al.* v. *Carroll et al.* 89 Ill. 205,—it is to take the estate from the legatees, some of whom are not heirs-at-law, and vest it in the heirs-at-law. There was, therefore, no error in refusing to allow these parties to testify."

The said case of *Brace* v. *Black* can not, in principle, be distinguished from the case at bar. Here the appellants, Millard Thompson, Willard Thompson and Samuel Thompson, as well as several other of the grandchildren of the deceased, were devisees under the will, and, as we have already seen from the decisions in *Treleaven* v. *Dixon*

and other cases, a husband can testify only "in the same manner as other *parties* may under the provisions of the act," and other *parties* to suits can not testify as against executors, heirs or devisees of a deceased person unless when called as witnesses by such executors, heirs or devisees; and therefore a husband cannot testify in a suit where his wife is a party or is directly interested, and there are executors or devisees whose interests are adverse to those of the wife, and the husband is not called as a witness by such executors or devisees.

We are satisfied that it was error to permit James Rogers to testify as a witness in the case over the objections of appellants, and there can be no question but that his testimony was material and important, and in all probability it largely influenced the jury to return the verdict that they rendered.

*Fourth*—We think that some of the questions put to Dr. Kohl, Dr. Campbell and Dr. Keeley, and permitted to be answered by them over the objections of appellants, were improper. It is not the proper practice to ask of a witness called as an expert, a question which does not embody a hypothetical statement of the facts, but which directly calls upon the witness to put himself in the place of the jury, and, in view of the evidence submitted, pass upon the whole issue. *City of Decatur* v. *Fisher*, 63 Ill. 241; *Chicago and Alton Railroad Co.* v. *Springfield and Northwestern Railroad Co.* 67 id. 142; *Chicago, Rock Island and Pacific Railroad Co.* v. *Moffitt*, 75 id. 524; *Louisville, New Albany and Chicago Railway Co.* v. *Shires*, 108 id. 617; 1 Greenleaf on Evidence, sec. 440.

The ruling in *Schneider* v. *Manning*, 121 Ill. 376, does not sustain the action of the circuit court in this case. Here there was a conflict in the evidence, and the experts had heard testimony on both sides of the case, and they were called upon to give their opinions upon the evidence that they had heard. On the other hand, in *Schneider* v. *Manning* the medical expert, Dr. Hays, was called as a wit-

ness by the proponents of the will, and testified that he had heard all the evidence introduced by the contestants. He was then asked this question: "Having heard that evidence on the part of the contestants, state whether or not, in your opinion, from a medical standpoint, from that evidence, Hugh McGlennon was of sound or unsound mind on September 6, 1879." It was held that it was not error to overrule an objection to that question. It was, in substance, assuming the truth of the facts testified to by the witnesses for the contestants, and asking the opinion of an expert upon the case thus made. The better and proper practice, however, is to put a question to the witness reciting the supposed facts hypothetically, upon which the opinion of the expert is wanted.

*Fifth*—It was not error to admit in evidence the verdict of the coroner's jury at the inquest held on the body of Harrison Thompson, deceased, for the purpose of showing, *prima facie*, that he committed suicide. *United States Life Ins. Co.* v. *Vocke*, 129 Ill. 557.

*Sixth*—It was not error to refuse the second and sixth of the instructions offered by appellants. The propositions of law contained in them were embraced in other instructions that the court gave.

*Seventh*—Complaint is made of instructions Nos. 4, 6 and 9 given for appellees. Instruction No. 4 is argumentative, and it also gives an unfair prominence to fragmentary portions of the testimony introduced by the complainants in the bill. It should have been refused; and instruction No. 9, which is substantially like it, should also have been refused. An instruction substantially like instruction No. 6 was condemned by the judgment of this court in *Rutherford* v. *Morris*, 77 Ill. 397.

For the errors indicated herein the decree is reversed and the cause remanded.        *Reversed and remanded.*