(Decided November 17th, 1898.)

---

THE TRAVELERS' INSURANCE COMPANY OF HARTFORD, CONN. · vs. ANNIE OLIVIA NICKLAS.

*Life Insurance—Death by Suicide or Accident—Presumptions—Proof of Death.*

Where it appears that the death of the person insured was the result either of accident or suicide, and there is no evidence to show which was the cause, or where from all the evidence the cause of death may be equally referred to either accident or suicide, the presumption of law is that the death was accidental.

A policy of life insurance provided that it should be void if the insured should die by suicide either voluntary or involuntary, and whether he be sane or insane. The insured was

found dead in his room with a pistol shot wound in his head, and there was no evidence to show how it had been inflicted. *Held*, that the jury were properly instructed that self-destruction by the insured is not to be presumed, but the presumption is that the wound was the result of accident, and the burden of proof is upon the defendant company to show by a preponderance of testimony that the wound was intentionally self-inflicted, and that unless the jury find from the evidence that insured intentionally shot himself, their verdict must be for the plaintiff, to whom the policy on his life was payable.

The proofs of death furnished by the plaintiff are not *prima facie* evidence in an action on the policy to show the cause of death, when they are the declarations of a third party and made without the authority of the plaintiff.

Appeal from the Court of Common Pleas (HARLAN, C. J.). The deceased referred to in this case was found dead about 10 o'clock one morning lying on the floor of his bath room, fully dressed to go out, with a pistol shot wound over the right ear and the pistol on the floor near by. No motive for suicide was shown, nor any suspicious circumstances, and the deceased kept a pistol in that room which he often handled.

The cause was argued before MCSHERRY, C. J., BRYAN, FOWLER, BRISCOE, ROBERTS, BOYD and PEARCE, JJ.

*William L. Marbury* and *Jesse Slingluff*, for the appellant.

*Howard Bryant* and *Isidor Ash*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

The Travelers' Insurance Company of Hartford, Connecticut, issued a policy on the life of William Nicklas of Baltimore City. The insured died in December, 1896, from the effect of a pistol wound in his head, and the insurance company refused to pay the full amount

of the policy, less the sum of $300 which was admitted to be due to it by the insured—and this refusal was upon the ground that the death of the insured was the result of suicide. Whereupon this suit was instituted by the plaintiff, the widow of the insured and the beneficiary named in the policy. All other defences, save that of suicide, were expressly waived by the defendant. The verdict was in favor of the plaintiff, and the defendant has appealed.

During the course of the trial only one exception was taken, and that was to the ruling of the Court upon the prayers. The plaintiff's first and fourth prayers were granted, and the defendant's second, third and fourth prayers were rejected.

The provision of the policy upon which the defendant relies is as follows: if the insured " shall die by suicide, whether the act be voluntary or involuntary, felonious or otherwise, or whether the insured be sane or insane at the time of the act, then . . . this policy shall be null and void and of no effect, except in the case provided for in the sixth section of this policy." The sixth section provides that in case of death by suicide a small amount to be ascertained as therein provided, which in this case amounts to $125, should be paid by the company. But we are not concerned with this last-named provision in this case, and we will briefly consider the questions presented by the ruling upon the prayers.

By the first prayer of the plaintiff the jury were instructed that where death results from a pistol shot wound self-destruction is not to be presumed, but the law presumes the wound was the result of accident, and the burden of proof is upon the defendant to show by a preponderance of testimony the wound was intentionally self-inflicted, and that it was not the result of accident; and that unless the jury find from the evidence that the insured intentionally shot himself, their verdict must be for the plaintiff.

We do not understand that it was seriously contended that the propositions of law set forth in this prayer are

not sustained by authority, for they are: *Bliss on Life Insurance*, sec. 337; *Leman* v. *Ins. Co.*, 46 La. Ann. 1189; 24 L. R. A. 589; *Travelers' Ins. Co.* v. *McConkey*, 127 U. S. 661; *Home Benefit Asso.* v. *Sargent*, 142 U. S. 691; *Mutual Life Ins. Co.* v. *Simpson*, 28 S. W. Rep. 840; *Mutual Life Ins.* v. *Wiswell*, 56 Kans. 765; 35 L. R. A. 258. But the objection of the appellant appears to be that the law contained in the prayer has no application to this case, because the facts are such as to preclude the operation of the legal presumption against suicide. Of course if the facts were such as to show suicide there could and there would be no room for the presumption of law, but we are unable to agree with counsel for appellant that the facts of this case are of that character. On the contrary, the jury found, and in our opinion were fully justified, under the instructions of the Court, in so finding and in giving full effect to the presumption of law, that death was not intentionally inflicted upon himself by the insured. The jury were instructed by the plaintiff's fourth prayer, "that where it appears that death was the result of accident or suicide, and there is no evidence to show which was the cause, or where from all the evidence the cause of death may be equally referred to either accident or design, the presumption of law is that the death was accidental." Unless the view of the appellant in regard to the effect of the evidence be correct, we are unable to perceive any error in this instruction. It is well settled, as we have seen, that the presumption of law is against self-destruction, and this presumption will prevail in every case unless the facts disclosed are such as to be inconsistent with it. Are the facts in this case inconsistent with the presumption of law? We have already answered this question in the negative, and we deem it unnecessary to comment upon the evidence further than to say that outside of *the conjectures* of witnesses there is no evidence in the record which tends to establish the theory of suicide. The fact that the insured was found with a pistol wound in his head would not without other evidence establish it. No reason, no motive is shown, and in our opinion this is a case where " it appears the death was the result either

of accident or of suicide," and in such case the presumption is in favor of the former. *Bliss on Life Insurance, supra.* What we have said applies to the prayers of the plaintiff which were granted. We will briefly consider the three prayers of the defendant which were refused. And first in regard to the defendant's second prayer. This prayer is based upon the theory that death, either by suicide or through the gross or culpable negligence of the insured, would preclude recovery of the full amount of the policy, less the admitted discounts. But it is sufficient to say in regard to the proposition that the defendant has expressly waived all defences except that of suicide. The defendant's third prayer advances the theory that the proof of loss or death is *prima facie* proof of the fact that the insured died by suicide. But whatever may have been the ruling upon this question in other States, this Court has held in the case of *Fidelity Mutual Life Association* v. *Ficklin,* 74 Md. 183, that while it is necessary for *the plaintiff* to offer in evidence " the proofs of death " for the purpose of showing that the requirements of the policy had been complied with, it was held *they were not admissible for any other purpose.* It is true that in *Stibbe's case,* 46 Md. 312-313, where the same rule was laid down, the Court *allowed the defendant* to offer some affidavits attached to the proofs of death, so far as *they were declarations of the plaintiff,* and not because they were proofs of death. But the declaration which the Court was asked by the defendant in this case to tell the jury was *prima facie* evidence of the cause of death, are not only not declarations of the plaintiff, but at most are only declarations made by the witness Geis of his opinion and belief as to the cause of death, and that too without the knowledge or authority of the plaintiff. But the proofs of death were in evidence before the jury, and their force and effect as proof was in no manner limited by the Court.

Being of opinion that no reversible error was committed, the judgment will be affirmed.

*Judgment affirmed.*

(Decided November 17th, 1898.)