## CRAIGER v. MODERN WOODMEN OF AMERICA.

[No. 5,794. Filed February 28, 1907. Rehearing denied May 3, 1907. Transfer denied June 28, 1907.]

1. EVIDENCE.—*Proofs of Death.—Admissibility.—Insurance.*—Proofs of death are not admissible on behalf of defendant, in an action by the beneficiary against an insurance company, where a general denial only was filed, and where no question was made as to such proofs in plaintiff's complaint. p. 281.

2. SAME.—*Proofs of Death.—Admissions.—Insurance.*—Proofs of death ordinarily constitute, by way of admission, *prima facie* evidence of the facts therein stated against the assured or beneficiary and in favor of the company. p. 281.

3. SAME.—*Coroner's Verdict.—Proofs of Death.—Insurance.*—A coroner's verdict, contained in proofs of death, is not admissible, as an admission or otherwise, in an action by the beneficiary against the company, where the policy required such verdict to be included in such proofs and where the beneficiary asserted therein that she did not believe such verdict was true. Comstock, J., dissenting. p. 282.

4. SAME.—*Coroner's Inquest.—Depositions Before Coroner.—Insurance.*—A transcript of the depositions of witnesses taken before the coroner, as to the cause of death of the assured, is not admissible as original evidence in favor of the company. p. 283.

From Superior Court of Vanderburgh County; *John H. Foster,* Judge.

Action by Caroline Craiger against the Modern Woodmen of America. From a judgment for defendant, plaintiff appeals. *Reversed.*

*George K. Denton,* for appellant.

*Benjamin D. Smith, Samuel Crumbaker* and *Edmund L. Craig,* for appellee.

Roby, P. J.—Appellant sued upon a benefit certificate issued to her son by appellee, she being the beneficiary therein named.

She averred in her complaint the death of the insured, the performance of all the conditions of the contract on her part and on the part of the decedent, and that proofs of death were made out on blanks furnished by appellee and forwarded to and accepted by it as satisfactory. To this complaint appellee answered in two paragraphs;. the first a general denial, and in the second set up suicide, in violation of the provisions of the contract. To the second paragraph of answer a general denial was filed. The cause was submitted to a jury, and a verdict returned in appellee's favor.

The error assigned is the overruling of the appellant's motion for a new trial. The grounds for a new trial stated are that the court erred in permitting appellee to introduce in evidence a copy of the coroner's verdict, which was attached to the proofs of death, and in refusing to give instruction seven, requested. Appellee's by-laws required that, in case an inquest was held, a duly authenticated and certified copy of the coroner's proceedings, all evidence, and the verdict must accompany the proofs. This requirement was stated upon the blanks furnished to appellant for such use. She attached to such proofs a copy of the evidence taken by the coroner, together with his return, the finding of· which was that the assured "came to his death by reason of drinking carbolic acid with suicidal intent, evidently while in a deranged state of mind." The testimony of a number of witnesses was taken by the coroner and accompanied the proofs. In her statement as to the cause of death made in said proofs, affiant said that she had no personal knowledge, but had been told, that the death resulted from the taking of carbolic acid, but that she did not think it true.

The appellant neither pleaded nor proved anything with

regard to the contents of the proofs of death, but relied upon the fact that she had made some attempt to

1. comply with the company's requirements and that it had estopped itself from setting up in defense to the action the fact that the proofs were defective. In support of this averment appellant did not introduce any evidence as to the contents of the proofs submitted by her, she being satisfied with her evidence on that point; the proofs were not admissible when offered by appellee upon such issue, they in nowise tending to controvert appellant's evidence. The contract by which proofs of death were required did not stipulate the purpose of such proofs; but preliminary proofs, when furnished, are only evidence that the insured has complied with the requisites of the policy. 2 May, Insurance (4th ed.), §465; *Knights Templars, etc., Co.* v. *Crayton* (1904), 209 Ill. 550, 70 N. E. 1066; *Dougherty* v. *Pacific Mut. Life Ins. Co.* (1893), 154 Pa. St. 385, 25 Atl. 739; *Travelers Ins. Co.* v. *Nicklas* (1898), 88 Md. 470, 41 Atl. 906; *Cummins* v. *German American Ins. Co.* (1899), 192 Pa. St. 359, 43 Atl. 1016. They were not admissible in evidence under the general denial, since nothing therein contained negatived any material averment of the complaint. If admissible they were only so in support of the answer setting up death by suicide. The contract of the parties does not stipulate that they shall be taken as evidence to support an affirmative issue of such a nature. It is therefore unnecessary to determine whether a contract of such a nature could be recognized.

Proofs may be used as admissions against the beneficiary. The rule is that such preliminary proofs are admissible as *prima facie* evidence of the facts therein

2. stated against the assured and on behalf of the company. 3 Elliott, Evidence, §2387; *Mutual Benefit Life Ins. Co.* v. *Higginbotham* (1877), 95 U. S. 380, 390, 24 L. Ed. 499. The theory upon which such proofs are admitted in evidence is universally that of an admission.

The beneficiary in this case was required by the by-laws of the company to submit a duly authenticated and duly certified copy of the coroner's proceedings, all evidence, and the verdict. Compliance with such requirement amounted to an admission that an inquest was had; that certain evidence was heard, and a certain verdict rendered, but it could not, by any stretch of imagination, be taken as an admission of the truth of the testimony or the accuracy of the verdict. So that the quality essential to the introduction of the coroner's verdict and proceedings, as evidence of the truth of the facts therein recited, was wholly lacking. It has been heretofore held by this court that the coroner's verdict is not admissible in evidence. *Union Cent. Life Ins. Co.* v. *Hollowell* (1896), 14 Ind. App. 611. See, also, *Cox* v. *Royal Tribe* (1903), 42 Ore. 365, 71 Pac. 73, 60 L. R. A. 620. Illinois, Iowa and Mississippi are the only states in which the contrary is now held, and cases decided by the courts of those states are therefore irrelevant to the point now under consideration. *Aetna Life Ins. Co.* v. *Milward* (1904), 118 Ky. 716, 82 S. W. 364, 68 L. R. A. 285, monographic note 2. The mere fact that such record was furnished to appellant by appellee can in nowise change either the reason for the rule or the rule itself.

In this case the proofs themselves show that appellant refused to admit the truth of the facts found by the coroner, but explicitly announced her disbelief in their truth. She cannot be held to have admitted the truth of the fact which she expressly denied. In *Goldschmidt* v. *Mutual Life Ins. Co.* (1886), 102 N. Y. 486, 7 N. E. 408, the beneficiary, in attaching the copy of the coroner's verdict, stated that he refused to be bound by it. The court held that it was error to admit such proofs in evidence. In *Fisher* v. *Fidelity Mut. Life Assn.* (1898), 188 Pa. St. 1, 41 Atl. 467, the proofs, with a copy of the coroner's verdict attached, were introduced in evidence, but the court instructed the

jury that such evidence was not competent, pointing out that it could only be competent as an admission of a fact which was expressly denied. That the court erred in permitting the affirmative defense to be established by the introduction of a transcript of the evidence of three witnesses examined before the coroner, together with his verdict, is so clear upon principle that a detailed examination of the various cases decided by various courts, relative to the admission of proofs of death under other conditions than those here developed, may be excused.

Upon a retrial of the cause, the witnesses, whose evidence was thus exhibited to the jury, may be called in person, examined in open court, subjected to the test of cross-examination, and the basis for a legal conclusion thus fixed in accordance with the recognized principles of law.

4.

Judgment reversed and cause remanded with instructions to sustain the motion for a new trial and for further consistent proceedings.

Hadley, Watson and Rabb, JJ., concur. Myers, C. J., absent. Comstock, J., dissents.

## DISSENTING OPINION.

COMSTOCK, J.—Appellant brought this action as beneficiary against appellee on certificate of membership and insurance in appellee society in the sum of $2,000 on the life of William F. Craiger, her son. The complaint set up the contract of insurance as contained in the certificate, alleged the death of the insured, the performance of all the conditions of the contract on appellee's part and on the part of the deceased member, and that proofs of death were made out on blanks furnished by appellee and forwarded to and accepted by appellee as satisfactory. Appellee answered in two paragraphs: (1) General denial; (2) alleging that the insured committed suicide, in violation of the contract. To

said second paragraph appellant replied in general denial. Upon the trial a jury returned a verdict in favor of said appellee.

Appellant's motion for a new trial was overruled, and for this ruling of the court a reversal of the judgment is asked.

To quote from appellant's brief:· "The causes assigned for a new trial were, in brief, that the court erred (1) in permitting the appellee to introduce in evidence, under the issues, the proofs of death, with a copy of the coroner's verdict attached; (2) in refusing to give instruction seven, asked by appellant."

The certificate provided that in case of the suicide of the insured the policy should become null and void. As to the fact that the deceased came to his death by taking carbolic acid with suicidal intent, the evidence scarcely admits of reasonable controversy.

Instruction seven, in question, is in the following language: "The court instructs you that, owing to the instinct of love of life, the presumption is against death by suicide, and the burden is therefore upon the party asserting death in such manner to establish the fact, and the evidence must be of such a character as to exclude with reasonable certainty every other hypothesis than that of death by suicide."

In instructions given by the court at the request of the ·appellant the jury were told that if it had been proved by a fair preponderance of the evidence that both the plaintiff and the deceased had performed their part of the contract of insurance, plaintiff was entitled to recover, unless the defendant had established, by a fair preponderance of the evidence that the deceased came to his death ˙by suicide; that when a person is found dead, and death may have been due either to suicide or to accident, the presumption is in favor of accidental death; that if they found that the death of the insured may have been due to suicide or that it may have been due to accident, as by mistake in taking carbolic

acid for a dose of medicine, then the burden was upon the defendant to establish by a fair preponderance of the evidence the fact that such carbolic acid was taken with the intention, on the part of said member, to destroy his life; and, unless the evidence excluded with reasonable certainty any hypothesis of death by accident, the verdict should be for the plaintiff. If death may have been due to suicide or to accident or mistake in taking carbolic acid, the presumption is that it is due to such accident or mistake, and the burden is upon the party asserting that death was by suicide to establish the same. They were further told that the presumption of law is, in the absence of any evidence as to the cause of death, that it happened from natural causes, and not from suicide.

We have thus fully summarized the instructions given at the request of appellant, to show that appellant has no cause to complain of the refusal of the court to give the one in question.

The decisions on the admissibility of the coroner's verdict as evidence in actions on life policies are not in harmony. In Illinois it has been held that such inquest is competent evidence as to the cause of death, because the Illinois statute requires the inquest to be returned to the clerk of the circuit court of the county, whose duty it will be to file and preserve the same, thus making it a public record. *United States Life Ins. Co.* v. *Vocke* (1889), 129 Ill. 557, 22 N. E. 467, 6 L. R. A. 65.

In *Grand Lodge, etc.,* v. *Wieting* (1897), 168 Ill. 408, 48 N. E. 59, 61 Am. St. 123, the court say: "The current of authority is, that *post mortem* inquisitions made under authority of the coroner are admissible in evidence."

In *Knights Templars, etc., Co.* v. *Crayton* (1904), 209 Ill. 550, 70 N. E. 1066, the court held that the coroner's verdict was competent, but the depositions which were mere *ex parte* statements were incompetent, referring to *United States Life Ins. Co.* v. *Vocke, supra, Pyle* v. *Pyle* (1895),

158 Ill. 289, 41 N. E. 999, and *Grand Lodge, etc.,* v. *Wieting, supra.* as cases giving to the verdict somewhat the dignity of a court proceeding.

The statutes of this State (§§7957, 7958 Burns 1901, §§5881, 5882 R. S. 1881) make it the duty of the coroner to reduce his verdict to writing, sign the same, and file it in the office of the clerk of the circuit court of the county in which the body of the deceased is found. The reasons in the decisions just cited apply in this State.

In *Mutual Life Ins. Co.* v. *Newton* (1874), 22 Wall. 32, 22 L. Ed. 793, it is held that "the preliminary proofs presented to an insurance company, in compliance with the conditions of its policy of insurance, are admissible as *prima facie* evidence of the facts stated therein, against the insured and on behalf of the company." The case is followed in *Sharland* v. *Washington Life Ins. Co.* (1900), 101 Fed. 206, 41 C. C. A. 307, citing, among other cases, *Mutual, etc., Life Ins. Co.* v. *Higginbotham* (1877), 95 U. S. 380, 24 L. Ed. 499; *Richelieu Nav. Co.* v. *Boston, etc., Ins. Co.* (1890), 136 U. S. 408, 435, 10 Sup. Ct. 934, 34 L. Ed. 398; *Home Benefit Assn.* v. *Sargent* (1892), 142 U. S. 691, 12 Sup. Ct. 332, 35 L. Ed. 1160; *Crotty* v. *Union Mut. Life Ins. Co.* (1892), 144 U. S. 621, 12 Sup. Ct. 749, 36 L. Ed. 566; *Hassencamp* v. *Mutual, etc., Life Ins. Co.* (1903), 120 Fed. 475, 56 C. C. A. 625. And see, *Supreme Lodge, etc.,* v. *Beck* (1901), 181 U. S. 49, 21 Sup. Ct. 532, 45 L. Ed. 741; *Keels* v. *Mutual, etc., Life Assn.* (1886), 29 Fed. 198; *Metzradt* v. *Modern Brotherhood, etc.* (1900), 112 Iowa 522, 84 N. W. 498; *Hart* v. *Fraternal Alliance* (1901), 108 Wis. 490, 84 N. W. 851; *Bachmeyer* v. *Mutual Reserve, etc., Assn.* (1892), 82 Wis. 255, 52 N. W. 101; *Pyle* v. *Pyle, supra.*

The authorities are conflicting as to the admissibility of the coroner's verdict when alone, and by this court it has been held inadmissible. *Union Cent. Life Ins. Co.* v. *Hol-*

*lowell* (1896), 14 Ind. App. 611. But we are not advised of any case which holds it incompetent when the claimant is required to file a certificate or verified copy of the same with proofs of death.

Under *Cox* v. *Royal Tribe* (1903), 42 Ore. 365, 71 Pac. .73, cited by appellant, the by-laws provided that the local lodge should furnish proofs of death and the court held that when so furnished the proofs were not admissible, saying: "It is undoubtedly a well-established rule of law that the record of a coroner's inquest attached to proofs of death made by the beneficiary or his agent, in conformity to blanks furnished by the company, is admissible in evidence, along with such proofs, upon the ground that it contains admissions of the beneficiary against his interest as to the cause of death. *Mutual Life Ins. Co.* v. *Newton* [1874], 22 Wall. 32, 22 L. Ed. 793; *Mutual, etc., Life Ins. Co.* v. *Higginbotham* [1877], 95 U. S. 380, 24 L. Ed. 499; *Keels* v. *Mutual, etc., Life Assn., supra; Sharland* v. *Washington Life Ins. Co.* [1900], 101 Fed. 206, 41 C. C. A. 307; *Hart* v. *Fraternal Alliance* [1901], 108 Wis. 490, 84 N. W. 851; *Walther* v. *Mutual Life Ins. Co.* [1884], 65 Cal. 417, 4 Pac. 413. But the rule can have no application where such proofs are furnished by the company's agent."

In *Chambers* v. *Modern Woodmen, etc.* (1904), 18 S. Dak. 173, 99 N. W. 1107, cited by appellant, certificates were made out by the local lodge, and the beneficiary had no knowledge that proofs had been made, nor did it affirmatively appear that the by-laws of the company or the benefit certificate required the beneficiary to furnish proofs of the inquest in case of death, as a part of the proof of death. The coroner's verdict was held inadmissible.

In *Houghton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, the court says: "The proofs of death furnished by appellant were properly admitted in evidence. If any statement contained therein operated to bind appellant, as an admis-

sion against her interest, she was entitled, at the proper time, to give any explanation of the same which she might have.''

The majority of the decisions hold that the inquest, though admissible in evidence, is not conclusive against the beneficiary who may explain or disprove the same. In the case at bar the appellant had the benefit of her statement under oath that she did not believe the insured died from taking carbolic acid.

The case of *Union Cent. Life Ins. Co.* v. *Hollowell, supra,* is relied upon by appellant. In that case the court says: ''There was no error in refusing to allow appellant on the trial to read in evidence a certified copy of the inquest of the coroner. The taking of testimony before the coroner was *ex parte* and his finding was not admissible as affirmative evidence in support of appellant's defense. No reason for the admission of the finding of the coroner and the testimony on which his conclusion was based was shown, unless it was to place before the jury the opinion of the witnesses and the coroner as to the cause of the death of the decedent. It does not appear that the plaintiff furnished, or was required to furnish, a copy of the coroner's inquest, with the proofs of death, or that it was so furnished. This sufficiently distinguishes that case from the case at bar.

The entire evidence, including the proofs of death, submitted under proper instructions to the jury the question of the cause of decedent's death. The coroner's verdict was, in the opinion of the writer, admissible in evidence only because appellant was required to file a certified copy of the same with proofs of death. Numerous cases hold it competent under such circumstances; none to which our attention has been called hold to the contrary.

In the absence of any agreement of the insured, or provision on the subject, in the rules or laws of the society, the coroner's verdict would be inadmissible as a mere *ex parte* statement; but, even if the verdict of the coroner was im-

properly admitted, the judgment of the trial court should be upheld, and its action held harmless, notwithstanding the rule that improper testimony is presumed to be prejudicial; for, independent of the coroner's verdict, there was abundant uncontradicted evidence that the deceased came to his death by suicide. *Hopkins* v. *Boyd* (1897), 18 Ind. App. 63.

The judgment should be affirmed.