MELISSA BARDELL et al.

v.

ANNA BRADY et al.

Opinion filed April 21, 1898.

1. PARTIES—*an executor is a proper party to bill to contest will—when liable for costs.* The executor is a proper party to a bill to contest the validity and probate of a will, and in certain contingencies may be liable for the costs adjudged against him in the event the probate is set aside and the will declared null and void.

2. SAME—*courts of equity will look to the substance to discover interest of parties.* Courts of equity will look to the substance to ascertain on which side of the controversy the real interest of a party to the suit lies, and will determine his competency as a witness from his interest in the case, regardless of the pleadings.

3. WITNESSES—*when executor cannot testify in favor of will though called by opposite party.* The fact that an executor is joined with the heirs of the testator as a party defendant to a bill to sustain the validity of the will by setting aside the probate of a subsequent revocation, does not render him competent to testify in favor of the will though called by the complainants, as his interest is with the complainants and hostile to his co-defendants.

4. SAME—*executor cannot testify in favor of will and against heirs of testator.* An executor who is made a party defendant to a cross-bill filed by heirs of the testator to sustain the validity of a revocation and probate thereof, and to set aside the probate of the original will and declare the will null and void, cannot testify for his co-defendants, in favor of the validity of the will.

5. TRIAL—*right to open and close in will contest.* Where the complainants seek to sustain the validity of a will and to set aside the probate of a revocation thereof, and the defendants, by cross-bill, seek to establish the revocation and set aside the probate of the original will, each side is affirming the validity of a will, and the trial court may, in its discretion, allow either to open and close.

6. ESTOPPEL—*when complainants in will contest are not bound by evidence offered.* The complainants in a suit to establish the validity of a will and set aside the probate of a subsequent will of revocation, who offer in evidence the will of revocation and the probate thereof to enable the court to have the same before it, are not estopped to deny the validity of such revocation and probate.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. EDWARD P. VAIL, Judge, presiding.

S. F. WHITE, CUNNINGHAM & BOGGS, and J. L. RAY, for plaintiffs in error.

ROY WRIGHT, for defendants in error.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

On the 5th day of September, 1890, Solomon Nox executed his will, by which he directed to be paid to a brother and a niece $1000 each, to be paid out of his personal property only, and the remainder of his personal property and a life estate in all his real estate, one hundred and sixty acres, he gave to Anna Brady for life, with remainder to her children. The will of September 5, 1890, was written by Francis M. Wright, who was named as executor. On the 26th day of January, 1892, said Nox executed and acknowledged in due form, in the presence of witnesses, who attested the same, a revocation of the will of September 5, 1890, this latter instrument only purporting to revoke the former will. Prior to April 10, 1895, Nox died, and on the latter date the will of September 5, 1890, was admitted to probate by the county court of Champaign county, and letters testamentary were duly issued to Francis M. Wright as executor, who accepted the trust. The January 26, 1892, revocation of the will was by the county court of Champaign county duly admitted to probate.

On the 20th day of May, 1895, Anna Brady and others filed their bill of complaint in the circuit court of Champaign county, setting forth the death of Solomon Nox, his ownership of real estate, the execution of the will of September 5, 1890, and alleging the same to be the true will of said Nox; also setting forth the revocation of January 26, 1892, and the probate of the above said instruments. It was further alleged in said bill that Nox was not of sound mind and memory, and was incapable of executing a will by reason thereof, at the time of the exe-

cution of the instrument of January 26, 1892, and praying that that instrument, together with the probate thereof, be set aside and the will of September 5, 1890, be held as the valid will of said Nox. To this bill the heirs of Nox, among whom are the plaintiffs in error and Francis M. Wright, as executor of the will of September 5, 1890, (whose rights and interests as such executor were fully and completely set forth and averred,) were made parties defendant. The plaintiffs in error filed their answer, admitting the death of Solomon Nox, the ownership of the property mentioned in the bill and that the plaintiffs in error were heirs, but denying that at the time of the execution of the will of September 5, 1890, Nox was of sound mind and memory, and denying that at the time of the execution of the will of date January 26, 1892, he was not of sound mind and memory, but averring that at the latter time he was of sound and disposing mind and memory. The defendant Francis M. Wright did not answer, and a default was entered as to him. Certain of the defendants to the original bill filed a cross-bill averring the facts with reference to the execution of the two instruments above mentioned, and averring that at the time of the execution of the will of September 5, 1890, Solomon Nox was not of sound mind and memory, and that the same were so impaired as to render him incapable of making any just disposition of his estate; that he was of sound mind and memory at the time of the execution of the revocation; that Albert Brady was in possession of the real estate left by Solomon Nox. The cross-bill made the defendants in error (complainants in the original bill) and Francis M. Wright, as executor of Solomon Nox, parties defendant, and it prayed that the will of September 5, 1890, and the probate thereof, be declared null and void and set aside, and the estate be distributed among the heirs of said Nox according to law. The answer of the defendants in error was substantially the same as the averments of the original bill. The separate answer of

Francis M. Wright to the cross-bill was, in substance, that he was duly appointed executor of the will of date September 5, 1890, and that as to any other matters charged against him he disclaims any and all interest, except that he is executor of said last will and testament.

An issue was made, on which a jury was empaneled, who found that the instrument of date September 5, 1890, purporting to be the last will and testament of Solomon Nox, was his last will and testament, and that the instrument of date January 26, 1892, purporting to be the will of Solomon Nox, is not the last will of Solomon Nox. A decree was entered dismissing the cross-bill and finding that the writing executed by Solomon Nox of date January 26, 1892, was null and void and of no force or effect, and the probate thereof was set aside, and further ordering and decreeing that the will dated September 5, 1890, and the probate thereof, be and they are confirmed, and that the complainants in the cross-bill and the defendants to the original bill, excepting Francis M. Wright, executor, should pay the costs. The defendants to the original bill, except Francis M. Wright, sue out this writ of error, and assign error in permitting Francis M. Wright, executor under the will of 1890, to testify in support of the will under which he was acting; in permitting complainants in the original bill and defendants in error to open and close the case; in refusing to instruct the jury that the defendants in error were bound by and could not dispute the last will and testament of Solomon Nox dated January 26, 1892, after they had offered the same in evidence, together with the probate thereof; and in permitting defendants in error and complainants in the original bill to recall Francis M. Wright in rebuttal and examine him at length.

On a bill to contest the validity and probate of a will the executor is a proper party, (*Campbell* v. *Campbell*, 130 Ill. 466,) and may be liable for costs which may be adjudged against him in certain contingencies, in the event

the probate is set aside and the will declared null and void. (*Shaw* v. *Moderwell*, 104 Ill. 64; *Moyer* v. *Swygart*, 125 id. 262.) Francis M. Wright was made a defendant to the original bill and also a defendant to the cross-bill, but was called as a witness by the complainants in the original bill and his co-defendants in the cross-bill, and was permitted to testify over the objections of his co-defendants in the original bill and the complainants in the cross-bill. By the provisions of sections 1 and 2 in regard to evidence and depositions in civil cases, no party to a civil action, or person directly interested in the event thereof, shall be allowed to testify therein when any adverse party sues or defends as executor, administrator, heir, legatee or devisee, unless when called as a witness by such adverse parties so suing as defendants, and except in certain other cases named in the statute. The original bill was filed to set aside the revocation of the will of September 5, 1890, and to declare the will of 1892 valid, and although Francis M. Wright, the executor under the will dated September 5, 1890, was made a party defendant, that fact did not make him adverse to the complainants, and it is immaterial whether he was made a complainant or a defendant. Courts of equity will disregard mere matters of form and will look to the substance, and see on which side of the controversy the real interest of a party to the suit who is interested therein lies, and determine the competency of the witness from his interest in the case, regardless of the mere question of pleadings, when the question is as to his interest in the case. Were the rule otherwise, the effect and force of the statute could be evaded. (*Pyle* v. *Pyle*, 158 Ill. 289.) The interest of Francis M. Wright, as clearly appears from the averments of the original bill, was in sustaining the will, and therefore his interest was with the complainants in the original bill, and under the statute he could not be called as a witness as against the defendants to that original bill, who were heirs of Nox, as his interest was

hostile to them. It was error to allow him to testify as a witness under the original bill. *Campbell* v. *Campbell, supra; Pyle* v. *Pyle, supra.*

To the cross-bill the executor was made a co-defendant with the complainants in the original bill, and the complainants in that cross-bill were suing as the heirs of Solomon Nox. The provisions of the statute are, that any party to a civil suit or proceeding shall not be allowed to testify therein of his own motion or behalf, when any adverse party sues or defends as heir, unless when called as a witness by such adverse party, with certain exceptions. Wright does not come within any of the exceptions named, because as to the cross-bill he was a necessary and proper party, and could not be called as a witness by his co-defendants to that cross-bill. *Lowman* v. *Aubery*, 72 Ill. 619.

It is alleged that the court erred in permitting complainants in the original bill (defendants in error) to open and close the case. The rule in this State is, that the burden of proof is on the party affirming the execution and validity of the will, and consequently such party has the right to open and close the case. (*Bevelot* v. *Lestrade*, 153 Ill. 625; *Moyer* v. *Swygart, supra; Tate* v. *Tate*, 89 Ill. 42; *Rigg* v. *Wilton*, 13 id. 15.) In this case the original bill sought to set aside the probate of the will of revocation of date January 26, 1892, and to declare the probate of the will of September 5, 1890, valid, and that the latter instrument was the will and testament of Solomon Nox. The cross-bill sought to set aside and declare invalid the will of September 5, 1890. In this case each party affirmed the execution and validity of a will, and it was in the discretion of the court, in such case, to determine which should have the right to open and conclude the case. There was no error in this ruling.

It is next insisted that the court erred in refusing to instruct the jury that defendants in error were bound by and could not dispute the last will and testament of Solo-

mon Nox dated January 26, 1892, after they had offered the same in evidence, together with the probate thereof. One of the purposes of the original bill was to declare that will of revocation invalid by reason of want of testamentary capacity; and it was offered to the court for the purpose of having before the court the instrument and probate thereof which were sought to be set aside, and did not, because offered by the complainants in the original bill, constitute evidence which estopped them from denying the validity of the will and probate. There was no error in refusing this instruction.

The last point suggested as error, in permitting Francis M. Wright to be called as a witness to testify in rebuttal, is determined by what has already been said as to his competency as a witness.

The error in permitting Francis M. Wright, an incompetent witness in the cause by reason of his interest and because of his being a party to the suit, to testify, renders a reversal of this case necessary, as there is sharp conflict in the testimony. The decree of the circuit court of Champaign county is reversed and the cause remanded.

*Reversed and remanded.*