### John F. Wright, Sheriff, et al. v. W. H. Whitaker et al.

1. WITNESS—*what interest does not disqualify.* The fact of agency, uncoupled with financial interest in the result of the suit, will not disqualify a witness where the adverse party sues or defends in a representative capacity.

2. WITNESS—*when disqualified by virtue of interest.* A party having a direct financial interest in the result of a suit is incompetent where the adverse party sues or defends in a representative capacity.

Action of debt. Appeal from the Circuit Court of Moultrie

county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907. Rehearing denied December 21, 1907.

JOHN E. JENNINGS and W. K. WHITFIELD, for appellants.

HARBAUGH & THOMPSON, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action of debt upon a replevin bond. After the death of A. J. Patterson, there came into the hands of S. W. Wright, Jr., the administrator of his estate, a note for $200 bearing date July 18, 1905, executed by J. W. Bell, secured by a chattel mortgage on two mares, under which chattel mortgage said administrator took possession of the property. Thereafter, appellee, W. H. Whitaker, claiming said mares under a chattel mortgage, alleged to be a prior lien thereon, replevied the same from appellants. The replevin suit was dismissed without a trial upon the merits, and thereupon this suit upon the replevin bond was instituted by appellants against the appellees.

By stipulation, the cause was tried by the court without a jury upon two issues, as follows: First, the value of the mares at the time they were replevied, and, second, whether or not, the note and mortgage given by Bell to Patterson was paid by Bell during the lifetime of Patterson. The trial resulted in a finding and judgment against appellees for $400 debt and $1 damages.

The competent evidence in the record clearly establishes the payment of the note by the maker, Bell, to Patterson, in his lifetime, and the judgment is responsive to the finding of the court upon that issue. It is urged that John M. Wolf, an agent of appellee Whitaker, was an incompetent witness to testify to admissions made by Patterson in his lifetime to the effect that Bell had paid the note in question. The mere

fact that Wolf was the agent of Whitaker did not make him an incompetent witness under the statute, and our attention has not been called to any decision of a court in this state so holding. Neither the character of his agency nor his conduct in that relation subjected him to liability over to his principal for any default on his part, and having no interest in the event of the suit he was a competent witness. It is conceded that if Bell, the maker of the note, was incompetent to testify as a witness, his wife was also incompetent. Bell, being the maker of the note, had a direct interest in the event of the suit and was, therefore, an incompetent witness to testify to the payment of the note by him. Being an incompetent witness under section 2 of the act entitled Evidence and Depositions, his incompetency could not be removed by any release of a claim against him, made for the purpose of allowing him to testify. Section 7 of the same act expressly so provides.

The finding of the trial court was right upon the merits of the case and the judgment will be affirmed.

*Affirmed.*