D. C. ALLEN, Appellee, *vs.* W. W. NORTH, Exr. *et al.*
Appellants.

*Opinion filed December 22, 1915.*

1. WILLS—*when trial must have been without substantial error
to sustain verdict.* Even though the verdict setting aside a will for
want of testamentary capacity may be in accordance with the pre-
ponderance of the evidence, yet if the evidence is such that a ver-
dict sustaining the will could not have been set aside for want of
evidence to support it and is not such that no other verdict than
the one returned could reasonably have been found, the verdict can
not be sustained if there was substantial error in the trial.

2. SAME—*when heir and devisee is competent witness.* Where
the son and daughter of a testator are his only heirs and each is
given one-sixth of the estate by the will, the remainder being given,
in equal shares, to four bible schools, and the son files a bill to con-
test the will, making the daughter and the four bible schools de-
fendants, the interest of the daughter is the same as that of the
complainant and not adverse, and if she is called as a witness by
her co-defendants, who, alone, could object to her competency, she
should be allowed to testify.

3. EVIDENCE—*statute prohibiting a person from testifying when
adverse party sues or defends as heir, construed.* Section 2 of the
Evidence act, which provides that no person directly interested in
the event of a suit shall be allowed to testify therein of his own
motion or in his own behalf where an adverse party sues or de-
fends as the heir, legatee or devisee of a deceased person unless
when called by such adverse party, was intended for the protection
of a party suing or defending as an heir, legatee or devisee against
the testimony of an adverse party, and it is the real interest that
disqualifies a witness, and not the belief, feeling or understanding
of the witness in regard to such interest.

4. INSTRUCTIONS—*when instruction in will case should not be
refused.* Where there is evidence in a will contest case as to the
execution of deeds by the testator during the time in which his
mental capacity is brought in question by the evidence, an instruc-
tion upon the subject of testamentary capacity which contains the
proposition that it requires no greater mental capacity to make a
will than to make a deed should be given, and the error in refusing
it is not cured by giving another instruction substantially covering
the one refused but which does not contain the proposition refer-
ring to capacity to make deeds.

5. SAME—*there is no distinction between a sound mind and a disposing mind.* Where the meaning of the term "sound mind" and the capacity required to make a will are amply explained to the jury by the instructions given, it is proper to refuse an instruction to the effect that a person may be so diseased, mentally, as not to be of sound mind and yet he might possess what the law terms a "disposing mind,—that is, the mental capacity to know and understand the disposition he may wish to make of his property and upon whom he will bestow his bounty."

APPEAL from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding.

JOHN W. DOWNEY, for appellants.

BARR, McNAUGHTON & BARR, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Adelbert C. Allen, by the name of D. C. Allen, filed a bill in the circuit court of Will county to contest the will of his father, Chester S. Allen, on the ground of mental incapacity. In accordance with the verdict of a jury a decree was rendered setting aside the will, and the defendants have appealed.

The assignments of error and the arguments of counsel for the appellants question the sufficiency of the evidence to sustain the verdict, the exclusion of a witness offered by them and the giving and refusal of instructions.

Fourteen witnesses, including the attesting witnesses, testified on the trial to the soundness of mind of the testator and eleven witnesses testified to his unsoundness of mind, all stating the facts which constituted the basis of their respective opinions. The evidence was such that a verdict in favor of the will could not have been set aside for want of evidence to support it, and if the verdict was in accordance with the preponderance of the evidence it cannot be said that the evidence was of such a character that no other verdict could reasonably have been found. The condition of the

record is such that the verdict cannot be sustained if sub-
stantial error appeared on the trial. Such substantial error
did occur in the rejection of the testimony of Etta P. Dille,
who was offered as a witness by the proponents of the will.
She was a daughter of Chester S. Allen and she and the
complainant were his only heirs. Under the will all of
the estate was devised, one-sixth to the complainant, one-
sixth to Etta P. Dille and one-sixth to each of four Wes-
leyan Methodist bible schools situated in New York, South
Carolina, Indiana and Kansas. Mrs. Dille was made a de-
fendant to the bill and was offered as a witness by the de-
fendants, but an objection to her competency on the ground
that she was a party to the suit was sustained. The statute
provides that no party or persons directly interested in the
event of a suit shall be allowed to testify therein of his own
motion or in his own behalf where an adverse party sues or
defends as the heir, legatee or devisee of any deceased per-
son unless when called as a witness by such adverse party.
The rule is, that it is the real interest that disqualifies a
witness, and not the belief, understanding or feeling of the
witness in regard to such interest. (*Pyle* v. *Pyle,* 158 Ill.
289; *Campbell* v. *Campbell,* 130 id. 466.) Under the will
the witness was entitled to receive one-sixth of the residue
of the estate. If the will were set aside she would receive
one-half of the estate. Her interest was identical with that
of complainant. The statute is intended for the protection
of a party suing or defending as an heir, legatee or devisee
against the testimony of any person having an adverse in-
terest. The only person entitled to object to the testimony
is the adverse party suing or defending as heir, legatee or
devisee. The parties to this suit, according to their legal,
actual interests, were the appellee and Mrs. Dille on the one
side and the four bible schools on the other. The appellee
could not object to Mrs. Dille's competency, because he was
not an adverse party. She was offered as a witness by the
only parties who could have objected to her competency,

and she should have been allowed to testify.  *Duffy* v. *Duffy,* 243 Ill. 476; *Enders* v. *Muno,* 269 id. 422.

The appellee insists that the question as to the competency of Mrs. Dille as a witness has been waived because not assigned as a ground for a new trial and not assigned as error.  One of the points in appellants' motion for a new trial and one of the assignments of error is that the court erred in excluding competent evidence offered on behalf of proponents.  This raised the question of the competency of the witness.

The court refused the following instruction:

"You are instructed that the owner of property, of lawful age, who has capacity to attend to his ordinary business, has the lawful right to dispose of it either by deed or by will, as he may choose, and it requires no greater mental capacity to make a valid will than to make a valid deed. And if such an owner chooses to disinherit some of his heirs or leave his property to his other heirs or to strangers he has a legal right to do so, and such disposition of his property is valid, without regard to whether it is reasonable or unreasonable, just or unjust, and the reasonableness or justice or impropriety of the will are not questions for the jury to pass upon.  If, therefore, you believe, from the evidence, that when Chester S. Allen executed the paper in evidence purporting to be his last will and testament he had mental capacity enough to know and understand the business in which he was then engaged, then the jury should find the paper in evidence to be the will of said Chester S. Allen."

This was a proper instruction.  (*Schneider* v. *Manning,* 121 Ill. 376; *Taylor* v. *Pegram,* 151 id. 106.)  The appellee insists that it is covered by the following instruction which was given:

"You are instructed that the test of mental capacity of Chester S. Allen to make the will in question purporting to be his last will and testament is not whether he could trans-

271 — 13

act ordinary business, but the question is, did he have mental capacity sufficient to understand the business in which he was engaged at the time he made and executed said will; and if you believe, from the evidence, that Chester S. Allen had sufficient mental capacity to understand the business in which he was engaged at the time he made and executed said will, then it is your duty, under the law, to find said will to be the last will and testament of said Chester. S. Allen.   And this would be true even though you may believe, from the evidence, that he was not capable of transacting ordinary business."

This instruction did not tell the jury, as did the one which was refused, that it required no greater mental capacity to make a will than to make a deed.   There was evidence of the execution of deeds by the testator during the time in which his mental capacity was brought in question by the evidence, and the proponents had a right to have the jury told that it required no greater mental capacity to make a will than to make a deed.   The instruction given did not cure the error in refusing the instruction asked.

Appellants insist that it was error to refuse the following instruction which they requested:

"You are instructed that a person may be so diseased, mentally, as not to be of sound mind and yet he might possess what the law terms a 'disposing mind,'—that is, the mental capacity to know and understand the disposition he may wish to make of his property and upon whom he will bestow his bounty.   And in this case, if you believe, from the evidence, that Chester S. Allen, at the time he made the will in question, had a 'disposing mind,' as above explained, then, in law, he had sufficient mental capacity to make a valid will."

The instruction was properly refused.   There is no distinction between a sound mind and a disposing mind.   A man having the capacity to make a will is of sound and disposing mind, and the meaning of that term and the ca-

pacity required to make a will were amply explained to the jury in instructions which were given.

Two other instructions given for the appellee are also criticised, but we do not regard them as subject to the objections made.

The decree of the circuit court will be reversed and the cause remanded.      *Reversed and remanded.*