(No. 21351.—

ROBERT B. BROWNLIE *et al.* Appellants, *vs.* WILLIAM Y. BROWNLIE *et al.* Appellees.

*Opinion filed December 23, 1932.*

BENJAMIN H. EHRLICH, (AARON H. COHN, of counsel,) for appellants.

CHARLES P. MOLTHROP, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Robert B. Brownlie and Angus R. Brownlie filed a bill in the circuit court of Cook county to contest an instrument admitted to record by the probate court of the same county as the last will and testament of Elizabeth Brownlie, deceased. The grounds alleged were lack of testamentary capacity and undue influence, and William Y. Brownlie, individually and as executor and trustee, Flora Rimmer, Mary Johnstone, S. Eleanor Brownlie and Gordon Brownlie were made defendants. Mary Johnstone answered neither admitting nor denying the allegations of the bill while the other defendants answered jointly denying its material allegations. A replication to the answers was filed. Three trials followed. Upon the first a motion to withdraw a juror was allowed; on the second, a verdict in favor of the proponents on the issue of undue influence was directed, and upon the issue of testamentary capacity the jury returned a verdict that the instrument was not the decedent's will. The court granted a new trial. Mary Johnstone then amended her answer by admitting all the allegations of the bill. On the third trial, the court, at the close of all the evidence, directed the jury to find both issues in favor of the proponents and a verdict to that effect was returned. The contestants' motion for a new trial was overruled, and the court by its decree found the instrument to be the decedent's last will and dismissed the

bill for the want of equity. From that decree the contestants prosecute this appeal.

Robert T. Brownlie, the husband of Elizabeth Brownlie, was engaged for many years in the cut-stone contracting business in the city of Chicago. Two of his sons, Robert B. and William Y. Brownlie became partners in their father's business. In the year 1917, Robert B. withdrew from the partnership and his father paid him the value of an undivided one sixty-second interest in the business plus $500. Robert T. Brownlie died early in 1922 and by his will devised and bequeathed all of his property to his widow. On August 30, 1922, a corporation was organized under the laws of this State to take over the business which the testator and his son William Y. Brownlie had conducted. The capital stock of the corporation was fixed at $50,000, consisting of 500 shares of the par value of $100 per share. Elizabeth Brownlie, the widow, subscribed for 239 shares, William Y. Brownlie for 260 shares and S. Eleanor Brownlie for the remaining share. Thereafter, on November 29, 1922, Elizabeth Brownlie executed the instrument in question. She died on July 9, 1929, leaving the two contestants and the five individual defendants her children and heirs-at-law. The instrument was admitted to record by the probate court of Cook county on September 9, 1929. By this instrument, bequests of $500 each were made to Robert B. Brownlie and Angus R. Brownlie, and the residue of the estate was divided equally between the other five children, the share of Gordon Brownlie to be held in trust by William Y. Brownlie until the former should attain the age of twenty-five years. William Y. Brownlie was named executor and letters testamentary were issued to him.

Upon the issue of testamentary capacity, eight witnesses who often conversed with the testatrix within a year before and after the execution of the instrument, testified that they believed she was of sound mind during that period. Among these witnesses were tenants of her building,

a physician, a professional singer and a former employee of an abstract company. On behalf of the proponents, and over the objection of the contestants, a transcript of the testimony of Mary Conrath, given on a former trial, was read to the jury. At the conclusion of the reading, a motion by the contestants to strike the testimony read and to instruct the jury to disregard it was denied.

The contestants called a grocer and his wife to prove that the testatrix was mentally unsound. The former testified that Mrs. Brownlie was forgetful while the latter expressed the opinion that she did not have sufficient mental capacity to transact the ordinary affairs of life. Mary Johnstone, a devisee and legatee, and George Johnstone, her husband, were also called by the contestants, but the court, upon objection by the proponents, held them incompetent as witnesses. Offers to prove by their testimony acts and conduct tending to show that Mrs. Brownlie lacked testamentary capacity and that William Y. Brownlie exercised undue influence to procure the execution of the instrument, upon like objection, were excluded.

The contentions of the appellants are: (1) That an heir, devisee or legatee is a competent witness in a will contest when called by an adverse party; (2) that the appellants introduced evidence which, standing alone, tended to prove the allegations of the bill, and, notwithstanding the evidence of the opposite party, the cause should have been submitted to the jury; and (3) that a transcript of the testimony of a witness on a former trial between the same parties is not competent on a subsequent trial, without proof that the witness is dead or beyond the jurisdiction of the court and that his deposition could not have been obtained.

Section 2 of the act in regard to evidence and depositions in civil cases (Cahill's Stat. 1931, p. 1428; Smith's Stat. 1931, p. 1473), provides that no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own

motion, or in his own behalf, when any adverse party sues or defends as the trustee or conservator of any idiot, habitual drunkard, lunatic or distracted person, or as the executor, administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless when called as a witness by such adverse party so suing or defending. The test of interest which determines the competency of a witness in a will contest is whether he will gain or lose as the direct result of the suit, and the interest must be certain, direct and immediate. (*Wetzel* v. *Firebaugh,* 251 Ill. 190). The interest that disqualifies a witness is the actual interest, and not his belief, understanding or feeling in regard to such interest. (*Pyle* v. *Pyle,* 158 Ill. 289). Courts of equity will look to the substance to ascertain on which side of the controversy the real interest of a party to the suit lies, and will determine his competency as a witness from his interest in the case, regardless of his position as a complainant or a defendant. (*Bardell* v. *Brady,* 172 Ill. 420). Two cases sufficiently illustrate this rule. In *Pyle* v. *Pyle, supra,* a defendant to a will contest, as an heir, would receive in fee one-third of the property of which her father died seized, while under his will she was given only a contingent life estate in a parcel of land, subject to forfeiture on her attempt to sell or incumber it. Her greater interest as an heir, adverse to those who claimed under the will, rendered her incompetent as a witness against her co-defendants, the executors and devisees. Likewise in *Keithley* v. *Stafford,* 126 Ill. 507, an heir filed a bill to set aside the will of his father. To one of the defendants, the widow of a deceased son of the testator, a legacy of $500 and an annuity of $180 for life were given. It was her interest to support the will, and she was, for that reason a competent witness to show the testator's want of testamentary capacity.

Mary Johnstone was a daughter and one of the seven children and heirs-at-law of Elizabeth Brownlie, her de-

ceased mother. Under the Statute of Descent she would receive one-seventh of her mother's estate after all just claims against it had been fully paid. By the instrument in question a bequest of $500 was made to each of two sons and the residue of the estate was given, in equal shares, to the other five heirs. The evidence shows that a legacy of $500 constituted less than one-seventh of the estate left for distribution. Mary Johnstone's share under the contested instrument therefore exceeds her share under the Statute of Descent. Her interest is identical with the interests of the other residuary legatees and devisees who, with her, were made defendants to the bill and are the present appellees. Her testimony was excluded upon the objection of her co-defendants, the proponents of the instrument. Section 2 of the statute relating to evidence and depositions in civil cases is intended, among other ends, for the protection of a party suing or defending as an heir, legatee or devisee against the testimony of any person having an adverse interest. The only party entitled to object to the testimony of a person having such an interest is the adverse party suing or defending as an heir, legatee or devisee. The parties to this suit, according to their direct and actual interests were the two legatees, the appellants, on one side, and the five residuary legatees and devisees, the appellees, on the other. The four appellees, other than Mary Johnstone, could not object to her competency because they were not adverse parties. There was no conflict of interest between them. She was called as a witness by the appellants whose interests were opposed to her interest and who were the only parties who could have objected to her testimony on the ground that she was not competent. Hence she should have been allowed to testify. (*Allen* v. *North,* 271 Ill. 190; *Enders* v. *Muno,* 269 id. 422; *Duffy* v. *Duffy,* 243 id. 476). In this state of the record, George Johnstone, the husband of Mary Johnstone, likewise should have been permitted to testify when called by the appellants.

The appellees argue, however, that because Mary Johnstone and the other residuary legatees and devisees have separate and not joint interests under the contested instrument, her testimony, as against them, would be inadmissible. The cases of *Powell* v. *Bechtel,* 340 Ill. 330; *Joyal* v. *Pilotte,* 293 id. 377; *McCune* v. *Reynolds,* 288 id. 188; *Cunniff* v. *Cunniff,* 255 id. 407; *Campbell* v. *Campbell,* 138 id. 612, and *McMillan* v. *McDill,* 110 id. 47, relied upon to support this argument, declare that admissions of a legatee or a devisee concerning the testamentary capacity of a testator or the exercise of undue influence in procuring the execution of the instrument are not admissible in evidence where there are bequests or devises of separate interests. The offers made contemplated no proof of any such admissions.

In a will contest a motion to direct a verdict for the proponents at the close of all the evidence is governed by the same rules as in actions at law. The party resisting the motion is entitled to the benefit of all the evidence, considered in its aspect most favorable to him, together with all reasonable presumptions to be drawn therefrom. The motion raises the question whether there is any evidence fairly tending to prove the allegations of the bill. Where there is such evidence, although it may be opposed by the greater weight of the countervailing testimony, the case should be submitted to the jury. (*Miles* v. *Long,* 342 Ill. 589; *Flanigon* v. *Smith,* 337 id. 572; *Peters* v. *Fekete,* 329 id. 268; *Grantz* v. *Grantz,* 314 id. 243.) The evidence adduced by the appellants taken in connection with the offered testimony of Mary Johnstone and George Johnstone, her husband, not only justified, but under the foregoing rule, required the submission of the cause to the jury.

On a former trial of this case Margaret Conrath testified in behalf of the proponents. At the time of the present trial she was in Scotland. The proponents, without showing why her deposition could not be taken, and over

the objection of the appellants, read into the record a transcript of her testimony given at the previous trial. The appellants' motion that the testimony read be stricken and that the jury be instructed to disregard it was overruled. The testimony of the witness given at the previous trial was inadmissible in the absence of a showing why her deposition could not be taken. (*Stephens* v. *Hoffman,* 275 Ill. 497; *Cassady* v. *Trustees of Schools,* 105 id. 560). The objection should have been sustained and the testimony excluded.

The decree of the circuit court is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*