**Charley Stepanian et al., Appellants, v. Armenag Asadourian and Sourma Ovoian, Appellees.**

496

Opinion filed March 6, 1936. Rehearing denied February 25, 1936.

CHARLES A. LICH, of St. Louis, and R. W. ROPIEQUET, of East St. Louis, for appellants.

JOSEPH B. McGLYNN and PHILIP G. LISTEMAN, both of East St. Louis, for appellees.

MR. JUSTICE STONE delivered the opinion of the court.

This is an appeal from a decree of the circuit court of St. Clair county sustaining as the last will and testament of Kirkor Arakelian, deceased, an instrument of writing purporting to be his last will and testament and having been duly admitted to probate in the probate court of St. Clair county as and for his last will and testament.

The complaint after charging the usual formal matters in such cases charged (1) that the purported signature to the instrument was a forgery, (2) general lack of testamentary capacity, and (3) undue influence on the part of certain persons, naming them. Before beginning the taking of testimony, the last two charges were withdrawn by appellants, leaving only the charge of forgery as alleged. Appellees answered, denying the charges of the complaint except as to paragraphs 2 and 3 which alleged in substance that the instrument in question was admitted to probate in the probate court of St. Clair county as and for the last will and testament of the said Kirkor Arakelian, deceased; that Armenag Asadourian, who had been named in said instrument as the executor thereof, had relinquished his right to act as such and that no action had been taken on said relinquishment and no administrator with the will annexed had been appointed. These allegations appellees admitted. Upon the issue thus made up the trial proceeded, the court following Rule 25 of our Supreme Court rules, requiring appellants to make their opening statements first and to offer their evidence first, awarding them the opening and the closing

of the case. Appellants objected to this procedure and moved the court to require appellees, the proponents, to make formal proof of the execution of the will according to the practice which formerly obtained in such cases. The court denied this motion and among other things in the order of denial held that the burden of proof in the case was upon appellants.

The testator was a man unlearned either in the English language or the Armenian which was his native tongue. He could not read or write in either language and only knew about 20 words of English. The signature to the alleged will was by mark.

Appellants offered to prove by a number of witnesses that the alleged testator, subsequent to the date of the alleged will, had made statements to them on different occasions to the effect that he had never made a will. This testimony was refused admittance by the court and the court's action in that regard is assigned as error. Some of the witnesses tendered by appellants on this subject were parties plaintiff. It is clear that they were not competent witnesses and the court properly refused to allow them to testify. They were not competent to testify even had the subject matter of their testimony been competent for the jury to have. Formal offer of the same testimony by the same witnesses was made and denied by the court. Appellants did not offer the will in evidence but rested their case without any testimony tending to establish their complaint.

Appellees offered no testimony but, at the close of appellants' case, moved the court for a directed verdict.

At the time this motion was offered, there was no evidence in the record either tending to prove or disprove any issue made by the pleading. The proponents had offered none and the court had admitted none for the contestants. The court allowed the motion and instructed the jury as follows:

"Gentlemen of the Jury: The plaintiffs rested their case. The Court previously held this morning that the burden of proving the charges in their complaint was on the plaintiffs and now at this time, the attorneys for the defense have made a motion that the court direct the jury to find for the defendants. That motion is allowed. The Court instructs you that under the evidence offered in this case for the plaintiffs the plaintiffs have not made a case supporting the contentions of their complaint that the Will admitted to probate in the Probate Court of this County was not the Will of the deceased, Kirkor Arakelian, and the Court instructs you to find that the Will of the deceased was his last Will and Testament and that will be your verdict, gentlemen."

A motion for a new trial was overruled and a decree followed finding and adjudging "That the writing referred to in the complaint, be and is hereby declared to be the last will and testament of Kirkor Arakelian, deceased." Appellants sought review of the case and there being no freehold involved, an appeal was perfected to this court. Many errors are assigned only three of which are argued, viz.: That there is no evidence in the record justifying the instruction to the jury to uphold and sustain the purported will.

That the court erred in requiring plaintiffs to present evidence in the case wherein the sole issue was forgery, before requiring the proponents to put the will in evidence and to offer testimony of the attesting witnesses.

That the court erred in excluding testimony in the nature of declarations made by the deceased shortly prior to his death and after the date of the alleged execution of the purported will to the effect that he had never made a will.

We shall not discuss at any length the contention of appellants that the court erred in refusing the proffered testimony to the effect that the testator had made declarations that he had not made a will. In an unbroken line of decisions our Supreme Court has held that such declarations are not competent except as they bear upon the testamentary capacity of the alleged testator. It is claimed that our Supreme Court has not so held in a case in which forgery of the signature was the issue. We think that the language in *Gregory v. Richey*, 307 Ill. 219, is broad enough to cover this issue. The court there said: "It has been held by this court in many cases,—and it is unnecessary for us to go into detail as to the reasons therefor,—that declarations or statements of a testator or a grantor cannot be admitted in evidence for the purpose of invalidating either a will or a deed. *Waters v. Waters,* 222 Ill. 26."

In *Floto v. Floto,* 233 Ill. 605, the Supreme Court in discussing this subject said: "While it is true that the authorities are not harmonious on this subject, it is unnecessary to discuss those in other jurisdictions, as

the rule has long been recognized by this court that prior declarations of the testator or prior wills cannot be offered for the purpose of varying or controlling the operation of the contested will. The reasons for this rule have been so fully and frequently set forth in former decisions that it is unnecessary to restate them here. *Harp v. Parr,* 168 Ill. 459; *Compher v. Browning,* 219 Ill. 429; *Waters v. Waters,* 222 Ill. 26; *Cheney v. Goldy,* 225 Ill. 394." The court did not err in sustaining the objection to the proffered testimony or in refusing the offer of same.

The right of the Supreme Court to promulgate rules of procedure binding upon itself and all inferior courts is not debatable. It has such power and has made such rules, among which is Rule 25 of the Supreme Court rules adopted by said court on December 22, 1933.

Said Rule 25 is as follows:

"In proceedings to contest the validity of a will, testament or codicil, the contestant shall in the first instance proceed with proof to establish the invalidity of such instrument; and the proponent may then present evidence to sustain the will, testament or codicil."

In *Donovan v. St. Joseph's Home,* 295 Ill. 125, Mr. Chief Justice Cartwright, writing for the court, had the following to say:

"The question which party has the burden of proof first came before the court in *Rigg v. Wilton,* 13 Ill. 15, and the court there said that the Illinois statute had been adopted from Kentucky, where it had been interpreted, and the same interpretation was applied. It

was held that on the trial of an issue under the statute the burden of proof is on the party affirming the execution and validity of the will, and consequently he has the right to open and conclude the case; that the issue is to be submitted to the jury as a new and original question, without regard to the fact that the instrument has been admitted to probate, and while the certificate of the oaths of the witnesses at the time of probate may be offered in evidence by either party, it is to receive such weight, only, as the jury may think it deserves in connection with the other proof in the case. This rule has never been changed but has been repeated in many cases. (*Tate v. Tate,* 89 Ill. 42; *Moyer v. Swygart,* 125 id. 262; *Purdy v. Hall,* 134 id. 298; *Bevelot v. Lestrade,* 153 id. 625; *Bardell v. Brady,* 172 id. 420; *Egbers v. Egbers,* 177 id. 82; *Hart v. Hart,* 290 id. 476.) That burden never shifts from one party to the other. (*Slingloff v. Bruner,* 174 Ill. 561; 10 R. C. L. 897; 16 Cyc. 926.) In *Egbers v. Egbers, supra,* the court said: 'The term "burden of proof" has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial in order to make or meet a prima facie case. Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof,—meaning the obligation to establish

the truth of the claim by a preponderance of evidence,—rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails. This burden of proof never shifts during the course of a trial but remains with him to the end.'

"The burden of proof is on the proponent of a will to prove that the will was in writing and signed by the testator or by some person in his presence and by his direction and was attested in his presence by two or more witnesses, and that the testator was of sound mind and memory at the time of signing or acknowledging the same; and this is sufficient to establish prima facie the validity of the will. It is the duty of the proponent of a will to offer in chief not only the evidence making a prima facie case, but all other evidence relating to the issue of testamentary capacity; (*Craig v. Southard*, 148 Ill. 37; *Slingloff v. Bruner, supra; Albrecht v. Hittle*, 248 Ill. 72.)"

In *Klein v. Schommer*, 347 Ill. 632, which was a will contest in which the issue was that the purported will was a forgery, the Supreme Court said:

."The court erred, however, in instructing the jury as to the burden of proof. Instruction No. 11 given for the proponents was as follows: 'The court instructs the jury that if they believe that the proponents have established soundness of mind of Anna Baumhardt, deceased, at the time of the making of the will in question, by the oath of two or more of the subscribing witnesses to the will, and that the will was legally exe-

cuted, acknowledged and witnessed, as explained in these instructions, then the proponents have made out a prima facie case; and thereupon the burden of proof is on the contestants to prove by a preponderance of the evidence that the will in question is invalid by reason of forgery, fraud or any other cause, as alleged by the contestants; and if the evidence is left evenly balanced, the verdict should be in favor of the validity of the will.'

"The burden of proof in a will contest as to the execution of the will is always on the proponent and it never shifts. (*Sellers v. Kincaid,* 303 Ill. 216; *Donovan v. St. Joseph's Home,* 295 id. 125.) It was error to give this instruction, and for the same reason to give instruction No. 14, which states the same rule. The court gave an instruction for the contestants (No. 4) which stated the correct rule: 'The court instructs the jury that where a will is propounded for probate and is attacked as a forgery, the burden of proving its genuineness is upon the proponent.' This instruction was inconsistent with those given for the proponent, and the jury therefore had no definite rule to follow."

Further in the same opinion the court said:

"Refused instruction No. 2 asked by the contestants stated that the burden which rests upon the proponents to prove execution includes the burden of showing that the signatures on both sheets of proponents' exhibit No. 1 were the signatures of Anna Baumhardt. Under the issue and the evidence in this case this was a cor-

rect statement and the instruction should have been given.''

In *Buerger v. Buerger,* 317 Ill. 401, the court said, ''On will contests the trial is *de novo* and it is necessary for proponents to establish the will without regard to the fact that the instrument has been admitted to probate in the Probate Court.''

Such was the rule of procedure prior to the promulgation of Rule 25, above. Since the enactment of said rule our Supreme Court has had before it the case of *Ginsberg v. Ginsberg,* 361 Ill. 499. That was a bill to contest the will of Rachel L. Ginsberg on the charge of undue influence and also a want of testamentary capacity. The trial court followed Rule 25 as was done in the case at bar. At the close of the evidence offered on behalf of proponents the court took the case from the jury and instructed it to find for the proponents. In affirming the decree the Supreme Court said:

''The appellant insists that the trial court did not have the power to direct a verdict at the close of his evidence. He contends that the effect of Rule 25 of this court is merely to change the order of proof by requiring the contestants to introduce their proof first, and that the burden of proof remains as it was before the Civil Practice act was passed and Rule 25 was adopted. He contends that section 13 of article 4 of the constitution would be violated if Rule 25 is held to put the burden of proof upon the contestants of a will.

His argument is that the Civil Practice act can embrace the subject of procedure alone, and that a change of the burden of proof amounts to a ·change in the substantive law of wills, which, he says, would contravene the constitutional provision that no act shall embrace more than one subject 'and that shall be expressed in the title.' Rule 25 provides: 'In proceedings to contest the validity of a will, testament or codicil, the contestant shall in the first instance proceed with proof to establish the invalidity of such instrument; and the proponent may then present evidence to sustain the will, testament or codicil.'

"The appellant relies upon *Donovan v. St. Joseph's Home,* 295 Ill. 125, and *Klein v. Schommer,* 347 id. 632, to sustain his contention that the rule involving the burden of proof had become part of the substantive law of wills. The rule that in a will contest the burden of proof is· upon the proponents was established in *Rigg v. Wilton,* 13 Ill. 15, where we observed that our statute was copied from that of Kentucky and adopted the construction given it by the Kentucky Supreme Court. The cases relied upon by the appellant do not hold that this rule is a part of the substantive law of wills. It is clear that instead it was always a rule of procedure. It comes clearly within the inherent rule-making power of this court. (*People v. Callopy,* 358 Ill. 11.) The contention that a change was made in the substantive law of wills by the adoption of Rule 25 cannot be sustained.

"The appellant's contention contains the added objection that the trial court was not authorized or empowered to direct a verdict at the close of the evidence offered by a contestant. A motion to direct a verdict in a will contest has been held to be governed by the same rules as govern such motions made in actions at law. (*Brownlie v. Brownlie,* 351 Ill. 72, 78; *McCune v. Reynolds,* 288 id. 188, 190.) The party resisting such a motion is entitled to the benefit of all the evidence, considered in its aspect most favorable to him, together with all reasonable presumptions to be drawn therefrom. The motion raises the question whether there is any evidence fairly tending to prove the allegations of the bill. If such evidence has been educed, although it may be opposed by the greater weight of the countervailing testimony, the case should be submitted to the jury. (*Brownlie v. Brownlie,* 351 Ill. 72, 78; *Miles v. Long,* 342 id. 589.) It can scarcely be urged that in any action at law it would be improper for the defendant to interpose a motion to direct a verdict at the close of the plaintiff's evidence. If no evidence tending to prove the allegations of the declaration, bill or complaint were introduced, or if but a bare scintilla of evidence had been educed by the plaintiff, the court should allow such a motion. (*Libby, McNeill & Libby v. Cook,* 222 Ill. 206.) The question then presented by the appellees' motion was whether the appellant had educed any evidence fairly tending to prove either the allegation of undue influence or that of want of testamentary capacity."

In the case at bar there was no evidence tending to show that the will was forged. In view of the holding in the *Ginsberg* case, *supra*, the court properly took the case from the jury. The decree of the circuit court is affirmed.

*Decree affirmed.*