Wallie Johnson, Executor of Estate of Christine H. Pearson, Deceased, Appellee, v. Kate Matthews, Appellant.

Gen. No. 40,547.

Opinion filed October 3, 1939.

TRUMAN K. GIBSON, JR., of Chicago, for appellant; H. H. GIBSON and J. G. LEMON, JR., both of Chicago, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

In an action on contract based upon a promissory note for $1,148, dated December 19, 1935, and upon trial by the court, there was a finding against defendant with judgment for $1,308.70, from which defendant appeals. The plaintiff having died pending the suit,

her executor was substituted and the judgment is in favor of the executor.

The defense interposed is that the note was taken in contravention of plaintiff's agreement with the Home Owners Loan Corporation, whereby she had agreed to accept in full of her claim against the defendant, amounting to $5,044.08, the sum of $1,000, and not to accept additional consideration. The affidavit also avers that plaintiff represented no notes were given in any connection with the obligation; further that the note was in fact given without consideration, contrary to public policy; and that nothing was therefore due.

The proceedings upon the trial appear in the record by stipulation received in lieu of a report of the proceedings. It appears the note was offered in evidence and testimony given in computation of the amount due upon it, whereupon the plaintiff rested. Defendant then produced Richard O'Hanlon, who testified that he appeared in response to a *subpoena duces tecum,* directed to the Home Owners Loan Corporation, and had brought with him File No. 48,452, which was the record of a Home Owners Loan Corporation loan made to defendant, Kate Matthews. He testified he did not have personal knowledge of the transaction and said, over objection, that his records showed the loan was made December 19, 1935. He also produced defendant's exhibits 1 and 2, papers purporting to be signed by plaintiff in connection with that transaction.

John P. Edelen then testified for defendant that he was a real estate broker with offices at 543 East 47th street, Chicago; that he was the agent of defendant in securing a release of plaintiff's obligation on defendant's property, and was personally interested in defendant and had knowledge of the details of the release; that he was present at numerous conferences held between plaintiff and defendant and the Home Owners Loan Corporation. The court thereupon sustained an objection to further testimony on the ground

that the witness was disqualified from testifying under section 2 of the Evidence Act because he was the agent of defendant in the transaction and was personally interested in defendant. The only witness having personal knowledge of the transaction having been held to be disqualified, the court found for plaintiff, as heretofore stated. The fact that the witness Edelen acted as agent for defendant and had a personal interest in her success does not disqualify him under section 2 of the Evidence Act. The interest which disqualifies a witness from testifying against an administrator must be an actual financial interest that will result in pecuniary gain or loss for the witness. It has nothing whatever to do with his understanding or feeling. This has been held in many cases in this and other States. *Bellman v. Epstein,* 279 Ill. 34; *Ackman v. Potter,* 239 Ill. 578; *Allen v. North,* 271 Ill. 190; *Pyle v. Pyle,* 158 Ill. 289; *Brownlie v. Brownlie,* 351 Ill. 72; *Thompson v. Wilson,* 56 Ill. App. 159; *Wright v. Whitaker,* 137 Ill. App. 598; *Manegold v. Massachusetts Life Ins. Co.,* 131 Ala. 180. The same cases are to the effect that the mere fact that the witness acted as agent of the defendant in a Home Owners Loan Corporation transaction is not sufficient to disqualify him as a witness. The Home Owners Loan Corporation is a public agency. 12 U. S. C. A., sec. 1467; Const. U. S., art. 1, sec. 10, amend. 5. A note executed and delivered under the circumstances indicated by the affidavit of merits in this case is void as against public policy. *Jessewich v. Abbene,* 277 N. Y. Supp. 599; *Chicago Title & Trust Co. v. Szymanski,* 289 Ill. App. 600; *Meek v. Wilson,* 283 Mich. 679.

For the error indicated the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

O'CONNOR and McSURELY, JJ., concur.