(No. 27244.—

Eva A. Latham *et al.*, Appellants, *vs.* Lewis P. Rishel *et al.*, Appellees.

*Opinion filed November 19, 1943.*

PHILIP L. KEISTER, and OTTO W. BERG, for appellants.

L. A. JAYNE, and MANUS & MANUS, for appellee Lewis P. Rishel.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed a complaint in the circuit court of Stephenson county alleging that the last will and testament of Eldora L. Newell, and three codicils thereto, were invalid because at the time of their execution the testatrix was of unsound mind and that the instruments were procured through undue influence of one Lewis P. Rishel, defendant. On the trial of the cause the court struck all the testimony of plaintiffs, withdrew the issues from the jury, and dismissed the complaint. The cause comes here on direct appeal as a freehold is involved. The complaint sets out the usual steps pertaining to the probate of a will and contains a statement as to the amount of property left by the testatrix. It is also alleged that the will and codicils were the result of fraud, compulsion and other improper conduct on the part of Rishel.

The question involved here concerns the competency of certain witnesses to testify, and the admissibility of certain testimony offered. The principal contention of appellants in this regard is that they were wrongfully deprived of the right to cross-examine Rishel and one Jennie Hamann, who was a legatee under the will, as adverse witnesses under section 60 of the Civil Practice Act. They say these witnesses were competent to testify when so called and argue that the interest which renders a witness incompetent must be such that a pecuniary gain or loss will come directly to him as the result of the decree. They say, also, that appellees failed to object to the qualifications

of these witnesses in apt time and so waived that right, and they point out in this connection that depositions of the witnesses Rishel and Hamann were taken prior to the hearing and no objection was raised to their competency at that time; that while, the witnesses being present, the depositions were not used, failure to object at the time the depositions were taken constitutes a waiver of their right to object on the trial. They contend also that where a witness is called by an adverse party under section 60 of the Civil Practice Act, and is asked concerning circumstances and conduct, the competency of such witness and his testimony are not within the rule excluding the testimony of witnesses where their interests and the interest of other legatees and beneficiaries under the will are not joint, as that rule applies only to statements and admissions, and not to facts and circumstances concerning events or conduct. As we have indicated, the issue before us concerns not the merits of the controversy over the will but the correctness of the rulings of the court as to competency of witnesses and admission of evidence.

Section 60 of the Civil Practice Act, (Ill. Rev. Stat. 1941, chap. 110, par. 184,) under which Rishel and Jennie Hamann were called, provides: "Upon the trial of any case any party thereto or any person for whose immediate benefit such action is prosecuted or defended, or the officers, directors, or managing agents of any corporation which is a party to the action, may be examined as if under cross-examination at the instance of the adverse party or parties or any of them, and for that purpose may be compelled, in the same manner and subject to the same rules for examination as any other witness, to testify, but the party calling for such examination shall not be concluded thereby but may rebut the testimony thus given by counter testimony." Section 2 of the Evidence Act, so far as applicable to the question before us, reads: "No party to any civil action, suit or proceeding, or person

directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as * * * the executor, administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless when called as a witness by such adverse party so suing or defending." Ill. Rev. Stat. 1941, chap. 51, par. 2.

It is clear that under section 60 of the Civil Practice Act appellants in this case had a right to call these witnesses as adverse witnesses for cross-examination unless prevented from so doing by section 2 of the Evidence Act. Appellants say that as these witnesses were not testifying of their own motion, but were called as witnesses by an adverse party, the provisions of section 2 herein quoted cannot apply. Appellees, on the other hand, insist that these witnesses were incompetent to testify, notwithstanding the provisions of section 60 of the Civil Practice Act, as to matters pertaining to undue influence and mental incompetency and as to the existence of a fiduciary relationship claimed to exist between Rishel and the testatrix. The reason urged in support of this position is that Rishel was defending as an individual and also as executor and that there were other interests in the case which were not joint interests with his and so he was incompetent as a witness. They cite in support of this contention *Brownlie* v. *Brownlie,* 351 Ill. 72, *Powell* v. *Bechtel,* 340 Ill. 330; *Joyal* v. *Pilotte,* 293 Ill. 377, and other cases. In the *Brownlie case* one Mary Johnstone, a devisee and legatee, was called by the contestants as a witness touching the competency of the testatrix to make a will. Upon objection by the proponents of the will she was held incompetent as a witness. Thereupon offers were made to prove by her testimony acts and conduct tending to show that the testatrix lacked testamentary capacity and that one William Y. Brownlie exercised undue influence to pro-

cure the execution of the instrument. On review this court held, concerning the ground of objection as to her competency, that statements and admissions of a legatee or a devisee concerning the testamentary capacity of the testator, or the exercise of undue influence in procuring the execution of the instrument, are not admissible in evidence where there are bequests or devises of separate interests, citing cases cited by appellees in this case. This court pointed out, however, that the offers made contemplated no proof of admissions, but, as the offers themselves show, they were made to prove acts and conduct tending to show lack of testamentary capacity and undue influence, and Mary Johnstone and other witnesses offered for that purpose were competent. In that opinion it is also pointed out that under section 2 of the Evidence Act the test of the interest which determines the competency of a witness in a will contest is whether he shall gain or lose as the direct result of the suit, and that the interest must be certain, direct and immediate. Also, in *Ginsberg* v. *Ginsberg,* 361 Ill. 499, it is stated that statements or admissions made by a devisee concerning the testamentary capacity of a testator, or acts of undue influence, are not admissible where the interests are separate. These cases are not authority for the contention that testimony may not be given as to acts and conduct from which the jury may determine the issue of competency or undue influence where the witness is called by the adverse party under section 60 of the Civil Practice Act. We are of the opinion that it is a sounder rule to hold that under such circumstances the testimony of witnesses as to acts and conduct from which the jury may determine the issues of mental competency and undue influence is admissible, and such witnesses are competent. If this be not the rule, one procuring the making of a will by which he is greatly benefited would be able to escape cross-examination under section 60, as to his acts and conduct, by the simple device of inserting

in the will small legacies to others which would constitute separate interests. We are of the opinion, therefore, that it was error to refuse to permit cross-examination of Rishel concerning acts and conduct bearing upon the question of competency or undue influence.

Concerning the testimony of Jennie Hamann, appellees brought out by examining her on *voir dire* that she had received letters from appellants in which they told her that, even though the will be set aside, her legacy, which was $2000, would be given her by them, and that furthermore a claim which she had made for services rendered while a domestic in the home of the testatrix and her mother, amounting to $4800, would be given full consideration, intimating that such claim would be paid by them. Counsel for appellees therefore claim that Jennie Hamann, though not an heir, was a legatee, and that under the proof as to her interest she was incompetent to testify concerning acts and conduct bearing on the question of the mental competency of the testatrix and on the issue of undue influence.

In a proceeding of this character the test of interest which determines the competency of a witness is whether he will gain or lose as the direct result of the suit and the rule is that such interest must be certain, direct and immediate. (*Brownlie* v. *Brownlie,* 351 Ill. 72; *Wetzel* v. *Firebaugh,* 251 Ill. 190.) The disqualifying interest must be an actual one and not a belief or theory which the witness may have regarding such interest. (*Pyle* v. *Pyle,* 158 Ill. 289.) The witness's competency is to be determined regardless of his position in the lawsuit, whether as plaintiff or defendant. (*Bardell* v. *Grady,* 172 Ill. 420.) In this case Jennie Hamann was not an heir. She would receive nothing if the will was set aside. Her interests lay in sustaining the will. She was called by the contestants. The testimony sought from her was not as to admissions but as to facts concerning acts and conduct.

484

But appellees say that she was incompetent because her testimony on *voir dire* showed that she stood to benefit directly as result of a decree setting aside the will, and that her interests were adverse to those claiming under the will because of her arrangements with the appellants. She was a party defendant and was called by appellants as an adverse witness under section 60 of the Civil Practice Act. As such, she was competent unless her correspondence with the appellants destroyed that competency. As a party beneficiary under the will her interest was to sustain the will. The testimony brought out on the *voir dire* examination did not affect the question of her competency as a witness under the rules of law but went to her credibility. We are of the opinion it was error to exclude her testimony.

Because it is necessary that this case be retried, we have refrained from comment upon or an extended statement concerning remaining facts brought out on the trial. For the errors discussed, the decree of the circuit court is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*